IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEDECISION, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:20-CV-00943 |
| GET THE MEDICATION RIGHT INSTITUTE, INC. | § | |
| | § | |
| Defendant. | § | |

## CORRECTED JOINT STATUS REPORT

TO THE HONORABLE CHIEF JUDGE LYNN:

Pursuant to the Court's Order Requiring Scheduling Conference and Report (Dkt. No. 17), Plaintiff Medecision, Inc. ("Medecision") and Defendant Get the Medication Right Institute, Inc. ("GTMRx") (collectively, the "Parties") have met and conferred and hereby submit the following joint status report.

**1.    A brief statement of the claims and defenses:**

### Plaintiff's Statement

Medecision brings a declaratory judgment and breach of contract action against GTMRx. On January 31, 2019, GTMRx and Medecision entered into the GTMRx Institute Sponsorship Agreement (the "Sponsorship Agreement") wherein Medecision agreed to provide funding to GTMRx for participation as a Founding Funder and to designate a member of the GTMRx Board of Directors (the "Board").

Pursuant to the Sponsorship Agreement, Medecision tendered to GTMRx payments of $350,000.00, exclusively for expenses directly related to a specific program. The Sponsorship Agreement further provided that Medecision has the right to "review [GTMRx's] expense records, which are related to the Program." Medecision noticed and brought to the Board's attention certain inconsistencies, irregularities, and errors in GTMRX's accounting practices. Medecision's Board representative, Deb Gage, requested an audit report, but it was not provided.

On February 24, 2020, Katherine Capps attempted to call a special meeting of the Board. Ms. Capps' notice failed to meet Bylaws requirements. In that meeting, Ms. Capps improperly removed Dr. Terry McInnis as the president and member of the Board. Further, on March 4, 2020, Ms. Capps improperly told the Board that Ms. Gage had resigned from the Board. The actions taken by Ms. Capps in removing Dr. McInnis and Ms. Gage are void as a matter of law.

**Defendant's Statement**

Get the Medications Right Institute, Inc. denies that it has breached the Sponsorship Agreement with Medecision, and asserts that that all of its actions and conduct were within the bounds of the GTMRx's Bylaws. As per the Sponsorship Agreement, GTMRx provided Medecision its place on its Board and its CEO Deb Gage served on the Board for just over one year prior to her oral resignation. On March 3, 2020, the Board, meeting by telephone, voted 7-1 (with one abstention) to terminate Dr. McInnis's position both as President of GTMRx and as a member of the Board. Reeling from the loss of her closest ally at GTMRx, and present Advisory Board Member for Medecision, Ms. Gage unequivocally and unambiguously resigned her position during the call in the presence of nine individuals and as captured in a tape recording of the meeting as well as in the official minutes. Subsequently, the resignation was confirmed and accepted via written correspondence. It is GTMRx's position that Medecision breached the Sponsorship Agreement through Ms. Gage's resignation and Medecision's decision not to submit the name of another individual to serve on the Board as well as the complete withdrawal of other Medecision executives on other task forces and committees, and Medecision's announcement that it would discontinue financial support as detailed and required in the Sponsorship Agreement.

Medecision misreads the Bylaws on the requirements to effect a resignation by a Board member. The logical consequence of Medecision's interpretation of the requirements to effect a Board member's resignation, taken to its logical conclusion, leads the absurd result that a Board member could provide an oral resignation and fail to further participate, only to return at some distant and undetermined point in time in the future and demand her seat back merely because the resignation was not "in writing." Other Board members have resigned orally and their resignations were accepted. Furthermore, since Ms. Gage's oral resignation, GTMRx has maintained a seat on the Board for Medecision, and Medecision has access to GTMRx's financial information. As opposed to providing a name of a representation for Medecision for the vacant Board seat, Medecision opted to file this lawsuit. In addition to Ms. Gage, Medecision had numerous other executives serving on task forces and committees who also withdrew their participation, but continued to receive invitations and information.

Medecisions' arguments regarding the propriety of the termination of Dr. McInnis' position at GTMRx and its call for an audit of GTMRx's finances are red herring and distracting side issues that have nothing to do with the merits of its breach of contract claims. Further, GTMRx denies that Ms. Gage ever requested an audit. Regardless of whether the Board meeting was properly called or whether Dr. McInnis's termination was

proper, the only real issue before the Court is whether Ms. Gage's oral resignation should be given effect and which party is in breach of the Sponsorship Agreement. GTMRx reasonably believes that its interpretation of the Bylaws gives effect to Gage's oral resignation. In addition, in the time since Ms. Gage's oral resignation, she has made disparaging and harmful comments about GTMRx to others in the industry.

2. **A proposed time limit to file motions for leave to join other parties:**

The Parties do not anticipate the need to join other parties at this time. However, the Parties propose that motions for leave to join other parties be filed by **January 11, 2021**.

3. **A proposed time limit to amend the pleadings:**

The Parties propose a time limit to amend pleadings as follows: **January 11, 2021** for Plaintiff and **February 8, 2021** for Defendant.

4. **A proposed time limit to file various types of motions, including dispositive motions:**

The Parties propose that all motions, including dispositive motions, be filed by **March 31, 2021**.

5. **A proposed time limit for initial designation of experts:**

The Parties propose that Plaintiff be ordered to disclose its experts by **January 29, 2021.**

6. **A proposed time limit for responsive designation of experts:**

The Parties propose that Defendant be ordered to disclose its experts by **February 26, 2021**.

7. **A proposed time limit for objections to experts (i.e. *Daubert* and similar motions):**

The Parties propose that all objections to experts be made by **May 24, 2021**.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues:**

The Parties propose to finalize discovery by **May 28, 2021**. The Parties anticipate conducting discovery with respect to the claims and defenses of the Parties and as to alleged damages.

Plaintiff asserts discovery will be needed regarding Defendant's financial audits, financial statements, the parties' correspondence with board members and other third parties relating to the same, meeting minutes, any recordings of the meetings, GTMRx's bylaws and any

other rules, the parties' correspondence with board members regarding the relevant meetings.

Defendant asserts that in addition to the discovery listed above, there will need to be discovery into issues arising from Dr. McInnis's and Ms. Gage's perceived conflict of interest, outside business relationship, the relationship between Dr. McInnis and Medecision, and potentially, should Medecision allege counterclaims, false, defamatory, and untrue representations made by Medecision and/or Ms. Gage regarding GTMRx and its executive director and/or Board Members.

They do not currently anticipate that discovery will need to be conducted in phases or limited to particular issues.

9. **What changes should be made in the limitations to discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

   The Parties do not anticipate the need for any changes to the discovery rules and/or orders entered by the Court at the present time.

10. **Proposed means for disclosure of discovery of ESI and a statement of any disputes regarding the disclosure of discovery of ESI:**

    The Parties agree to produce data that is stored or maintained electronically ("ESI") either in the format in which it is ordinarily kept or in searchable .pdf format.  The Parties do not anticipate any issue relating to the disclosure/discovery of Electronically Stored Information.

11. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

    The Parties do not anticipate the need for any special orders to address privileged materials at the present time.

12. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded:**

    The Parties propose a trial date on or about **July 19, 2021**.  The Parties have not yet demanded a jury but intend to do so.  It is anticipated that trial to jury should take **3 days**.

13. **A proposed date for further settlement negotiations:**

    Plaintiff is prepared to discuss settlement of Plaintiff's claims at any time.   Defendant's counsel contacted Plaintiff's counsel prior to the drafting of this order on August 24, 2020, and recommended five potential mediators for Plaintiff's counsel's consideration.  However, if the Court requires a specific date for such discussions to occur, the Parties believe that **February 26, 2021** would be most beneficial.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

    The Parties expect to make mutual Rule 26(a) initial disclosures by **October 30, 2020** unless a later date is agreed to by the Parties.

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge David L. Horan:**

    The Parties do not agree to trial before a U.S. Magistrate Judge.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective, and if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case:**

    The Parties are discussing mediation and are confident that they will be able to agree to a mediator. The Parties believe mediation by **February 26, 2021** will be most effective.

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:**

    None of which the Parties are aware.

18. **Whether a conference with the Court is desired:**

    Not at this time.

19. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c):**

    Not at this time.

Respectfully submitted,

By: /s/ *Christopher R. Bankler*
Christopher R. Bankler
State Bar No. 24066754
Email:  cbankler@jw.com
Devanshi Somaya
State Bar No. 24102524
Email: dsomaya@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 - Fax
**ATTORNEYS FOR PLAINTIFF MEDECISION, INC.**


By: /s/ *Tracy Graves Wolf*
Tracy Graves Wolf
State Bar No. 24004994
Tracy.wolf@lewisbrisbois.com
Andrew H. Katon
State Bar No. 24101992
Andrew.Katon@lewisbrisbois.com
Brent Sedge
State Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
**LEWIS BRISBOIS**
2100 Ross Avenue, Ste. 2000
Dallas, Texas 75201
(972) 638-8672
**ATTORNEYS FOR DEFENDANT GTMRx.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2020, I filed a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

/s/ *Christopher R. Bankler*
Christopher R. Bankler